```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                        05-CV-1578(JMR/JJG)
```

| | |
|---|---|
| State of Minnesota              ) | |
|                                 ) | |
|         v.                      ) | ORDER |
|                                 ) | |
| Robert B. Beale, Rebecca S.     ) | |
| Beale, Bradford Beale,          ) | |
| Kristine Beale, and The         ) | |
| United States of America        ) | |

This is an interpleader action brought by the State of Minnesota ("the State"). At issue is the proper distribution of $436,116.00. Defendant United States of America has brought a motion for summary judgment claiming entitlement to the funds. For the following reasons, the motion for summary judgment is granted.

The United States appeared by Michael Pahl, a trial attorney in the U.S. Department of Justice tax division. Robert B. Beale appeared pro se.[1]

I. Background

Defendants Robert and Rebecca Beale owed State of Minnesota income tax. The State attempted to collect this debt by seizing a home and other personal property belonging to the Beales. In exchange for return of the property, Robert Beale posted a cash bond with the State of Minnesota in the amount of $795,254.00.

---

[1] Because Robert Beale is not an attorney, he cannot represent another party in this Court. The remaining Beale defendants, then, did not appear in response to the summary judgment motion.

Thereafter, Robert and Rebecca Beale, along with their son and daughter-in-law, Bradford and Kristine Beale, initiated an action against the State in Ramsey County District Court. The matter was settled on April 15, 2005, whereby the State was to return to Robert Beale $436,116.00 of the bond. Beyond the State tax debt, the Beales owe approximately $1 million in federal income taxes. On May 17, 2005, the Internal Revenue Service ("IRS") served two levy notices on the State of Minnesota seeking to collect this obligation from the settlement.

At this point, the State held funds to which two parties asserted an interest. To resolve this dispute, Minnesota commenced an interpleader action in state court.

The United States removed the case to federal court pursuant to 28 U.S.C. § 1444 seeking summary judgment. The Beales have replied by attempting to strike the motion, claiming the "United States" is not the same as "Defendant United States of America," and therefore lacks standing to seek summary judgment. The Court sees no reason to draw a distinction between the two entities. Accordingly, the motion to strike is denied, and the Court will consider the motion for summary judgment.

The Beales also responded by filing a collateral civil suit, 06-CV-2968 (JRT/FLN), which was pending in this district before the Honorable John R. Tunheim at the time the motion was heard. The Court, sua sponte, dismissed that action as a frivolous attempt to

frustrate the Court's resolution of the pending motion.[2]

II. <u>Analysis</u>

   A. <u>Subject Matter Jurisdiction</u>

Defendants Robert, Rebecca, Bradford, and Kristine Beale previously sought dismissal of this action based on lack of personal and subject matter jurisdiction. Those motions were denied without prejudice by Order dated December 29, 2005. The Beales have not raised those issues since. The Court, sua sponte, raised the issue of subject matter jurisdiction at oral argument on July 11, 2006, and invited the parties to submit supplemental briefs on the matter. The Court has received and reviewed submissions from Robert Beale and the United States. Federal courts are courts of limited jurisdiction; before reaching the merits of this case, it is prudent to consider whether it is properly before the Court.

This case was filed in Ramsey County District Court. Plaintiff, State of Minnesota, identified the case as an interpleader action. Defendant United States of America removed the case pursuant to 28 U.S.C. § 1444 which provides:

> [a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the

---

[2]Remarkably, however, when Mr. Beale told this Court of the collateral action, he asked for leave to transfer it from Judge Tunheim's calendar to that of this Court. As the matter was already dismissed, his request was moot.

action is pending.

28 U.S.C. § 2410 states:

> [u]nder the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter- . . . (5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien.

The United States claims these two sections establish subject matter jurisdiction over this case. Though the complaint filed in Ramsey County District Court does not identify 28 U.S.C. § 2410 as a basis for the action, the Court accepts the United States' argument that § 2410 is in fact the statute providing the requisite waiver of sovereign immunity. Courts are divided as to whether 28 U.S.C. § 2410 alone is a substantive grant of federal jurisdiction in addition to a waiver of sovereign immunity. The Court need not reach this issue here, as 28 U.S.C. § 2410 works in conjunction with 28 U.S.C. § 1444 in this case.

In E.C. Robinson Lumber Co. v. Hughes, 355 F. Supp. 1363 (E.D. Mo. 1972), Judge Webster held "[s]ection 1444 expressly grants removal jurisdiction to federal courts of suits brought in state courts against the United States under § 2410." E.C. Robinson Lumber Co., 355 F. Supp. at 1367. The court went on to note that removal under § 1444 "is not in any way keyed to original jurisdiction." Id. at 1368.

4

While the Eighth Circuit Court of Appeals has not expressly adopted this view, it has favorably referred to Judge Webster's reasoning. Bor-son Building Corp. v. Heller, 572 F.2d 174, 178 n.7 (8th Cir. 1978) ("We note that Judge Webster of this court, then a United States district judge, has authored a persuasive opinion to the effect that [Section 1444 grants the district courts an independent basis for jurisdiction over claims properly asserted in a state court under Section 2410 and later removed under Section 1444].").

This Court, therefore, will follow the guidance of E.C. Robinson Lumber Co., and agree that 28 U.S.C. §§ 1444 and 2410 afford it subject matter jurisdiction over this case. Having determined its jurisdiction, the Court turns to the merits.

B. Motion for Summary Judgment

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246 (1986). The party opposing summary judgment may not rest upon the allegations set forth in its pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial. See Anderson, 477 U.S. at 248-49; see also Hartnagel v. Norman, 953 F.2d 394, 395-96 (8th Cir. 1992). "[T]he mere existence of *some* alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48. If the opposing party fails to carry that burden, or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See Celotex, 477 U.S. at 322.

The United States is entitled to employ federal tax liens to collect on an individual's federal income tax debt. 26 U.S.C. § 6321. These liens may be applied to all property, whether real or personal, belonging to the debtor. 26 U.S.C. § 6321. Congress intends for this power to be broad and to reach "every interest in property that a taxpayer might have." Drye v. United States, 528 U.S. 49, 56 (1999) (quoting United States v. National Bank of Commerce, 472 U.S. 713, 719-20 (1985)).

The Court applies state law in determining whether the taxpayer has a property interest, and federal law in establishing the priority of any liens on that property. Aquilino v. United States, 363 U.S. 509, 513-14 (1960). Here, no dispute exists concerning the Beales' interest in the property, or the priority of liens on that property. There is also no dispute as to whether the federal tax liens are valid. More to the point, the United States provides evidence of the validity of those liens in the form of IRS Certificates of Assessment and Payments.

In the absence of any dispute concerning the Beales' property interest in the disputed amount, and finding no evidence to show the U.S. claim on those funds invalid, summary judgment must be granted in favor of the United States of America.

III. Conclusion

No substantial question of material fact remains in this case. Accordingly, IT IS ORDERED that:

1. The United States of America's motion for summary judgment [Docket No. 33] is granted.

2. The State of Minnesota is ordered to distribute the sum of $436,116.00 to the United States of America in partial satisfaction of the Beales' federal income tax liability.

3. Minnesota v. Beale, 06-CV-2968 (JRT/FLN), is dismissed with prejudice.

4. This matter is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September  18 , 2006

                                            s/ James M. Rosenbaum
                                            JAMES M. ROSENBAUM
                                            United States Chief District Judge